By the Court.—Speir,
By the terms of the stipulation the' price of the merchandise to be delivered was provided for. It was delivered at certain intervals of time, with the prices named and fixed at the several times of delivery. The plaintiff raises the objection that some of the merchandise had been invoiced to him at 'too high prices ; that it was provided in the stipulation that the merchandise ordered by plaintiff must be furnished by the defendant, on as favorable terms as would be allowed by New York firms at New York rates for cash sales, and of good quality; that the overcharges in defendant’s bill amount to $577.08. The objection comes too late. All the merchandise had been delivered with the bills and - prices annexed, and the goods delivered were not returned.
When the amount due under the stipulation had been reduced to $967.58, the defendant made and tendered to the plaintiff an assignment of the patent, and of the assets of the business, which the plaintiff declined to accept. Had he accepted the assignment, such acceptance, with the previous cash payments and payments in merchandise under the stipulation, would have been a full and complete accord, payment and satisfaction of said judgment.
*246 The difficulty in sustaining defendant’s motion to set aside the execution, and to compel a satisfaction of the judgment, is that no consideration appears in the stipulation. It is a mere privilege, for which the defendant paid nothing, and came under no obligation to do anything whatever. It was entirely optional with him whether he would avail himself of making any of the payments,- or executing the assignment. The judgment was good in the hands of the plaintiff, and could be presently executed. He gave time, to the defendant by paying down $250 in- cash, and at intervals in cash and merchandise, until the whole sum should be reduced to $1,000-. It was,, in fact, reduced by the payments'to the sum of $967.08, and an. assignment of the patent, &c., was tendered, but not accepted.
It is well settled that an accord, executory, with tender of performance, is no bar to an action. There are no facts to show that there was an accord and satisfaction of the plaintiff’s judgment, and as the whole defense rested upon that, it was incumbent on. the defendant to establish it (Brooklyn Bank v. De Grauw, 23 Wend. 342; Noe v. Christie, 51 N. Y. 270), In this last case it was held that a tender was not equivalent to.execution. The plaintiff agreed to accept and did accept some cash and some merchandise in lieu of cash, and so. far the accord was executed, but the tender of the assignment of the patent and assets is not equivalent to execution, it not. having been accepted. •
The defendant’s counsel relies upon a class of cases ’ where the courts have regarded the new agreement not as an accord but as a substituted agreement, and have held it to be a good defense though not performed at the time of the suit.
Among other cases he relies upon the case of Good v. Cheeseman (2 B. & Adol. 335). Even this case has *247 been subsequently held as not affecting the rule that an accord executory must be executed, to constitute a defense (See decision of Tindal, Ch. J., in Bailey v. Homan, 3 Bing. N. C. 915). It would seem that even in such cases the new agreement will not be held to have been substituted unless the creditor has an immediate right of action upon it. The plaintiff here had no such right arising out of any direct or implied promise of the defendant; nor was there any concurrent promise which would be binding upon either.
The order appealed from should be affirmed with costs.
Sanford, J., concurred.