JOHN W. FEETER, Respondent, v. MARGARET WEBER, Executrix, etc., Appellant.

Where a note is given in compromise and settlement of a claim in suit, in the absence of evidence of duress, or that fraud was practiced in bringing about the compromise, or that the plaintiff knew that the claim was groundless or fictitious, it is no defense to an action upon the note, that there was a good and meritorious defense to the original claim.

*It seems*, that where the facts, out of which a defense to the claim arises, were known to the party making the claim, and fraudulently concealed from and unknown to the other party at the time of the compromise, such fraud may be shown.

(Argued September 22, 1879; decided October 7, 1879.)

APPEAL from judgment of the General Term of the Superior Court, of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 12 J. & S., 255.)

This action was brought upon four promissory notes executed by Charles F. Weber, defendant's testator, to the widow and executrix of Albert Weber.

The facts appear sufficiently in the opinion.

*Lewis Sanders*, for appellant. The law will not uphold a compromise of an unfounded claim extorted by suit. (*Edwards* v. *Baugh*, 11 Mees. & Wels., 641–645; *Jones* v. *Ashburnham*, 4 East, 463; *S. P. Palfrey* v. *Portland S. and P. R. R. Co.*, 4 Allen, 56; *North* v. *Forest*, 15 Conn., 404; *Lucy's Case*, 4 De G., M. & G., 364; *Kidder* v. *Blake*, 45 N. H., 532; *Wade* v. *Simson*, 3 D. & L., 596; *Cook* v. *Wright*, 1 B. & S., 539, 570; *Tooley* v. *Windham*, Cro. Eliz., 206; *Longbridge* v. *Danville*, 5 Barn. & Ald., 122.) The legal presumption is that a claim shown to be wholly unfounded is fabricated, or is known to be so. This presumption must be rebutted by evidence and the issue determined by the jury. (*Jordan* v. *Volkenning*, 72 N. Y., 306; *Wood* v. *N. Y. C. and H. R. R. R. Co.*, 70 id., 199.)

*Jacob W. Feeter*, for respondent. The notes in this action. having been given in settlement of former action are founded on good consideration and promise. (*Stewart* v. *Ahrenfeldt*, 4 Den., 189; *Farmers' Bank of Amsterdam* v. *Blair*, 44 Barb., 641; *Russell* v. *Cook*, 3 Hill, 504; *Seaman* v. *Seaman*, 12 Wend., 831.) The defendant is estopped from. avoiding said agreement, or the payment of said notes with-- out having restored or having offered to restore to plaintiff's assignor, or plaintiff, whatever the defendant or her testator received for said notes. (*Ely* v. *Kilburn*, 5 Den., 514; 2. Abb. Dig., 270, § 1395; *Mumford* v. *Am. Life Ins. Co.*, 4 N. Y. [4 Com.], 482–483; *Hogan* v. *Weyer*, 5 Hill, 389; 5 Barb., 319; 13 id., 641; 2 Story's Eq., §§ 693–694; Willard's Eq., 303 [Potter's ed.].)

Rapallo, J. It appeared upon the trial that the notes. in suit were given by Charles F. Weber, deceased, in compro-- mise and settlement of an action in the Superior Court, and proceedings in the surrogate's court, instituted against the. deceased in his life-time, by the widow and executrix of his deceased son Albert Weber. That the citation from the surrogate's court was served in the beginning of May, 1874, and the settlement was consummated in September, 1874, when the deceased gave the notes in suit and received from the executrix of his son a stipulation, reciting that the action in the Superior Court had been brought for the recovery of property, etc., supposed to belong to the estate of Albert. Weber, deceased, discontinuing that action, acknowledging satisfaction of her claim, and stipulating that no new action for the same cause, or for the recovery of goods, chattels, money or credit, claimed to have been taken by the defend- ant, should be again commenced by the plaintiff or any other person representing the estate of Albert Weber. Also an affidavit of the executrix of Albert stating, among other things, that she had surrendered to Charles F. Weber all the books, papers, receipts, vouchers, or memoranda belonging to Albert Weber, deceased, in her possession, and that no-

copies of them were to her knowledge extant, and that she had made no assignment of any of her claims as executrix, etc., and that no other person had any interest in the estate of Albert Weber, deceased.

This settlement and stipulation were beyond doubt a sufficient consideration to support the notes. The settlement appears to have been negotiated by a friend of Charles F. Weber, deceased, who had been requested by him to go to the lawyers and fix up the matter, and who brought the notes to him and obtained his signature thereto.

There was no evidence of duress for the consideration of the jury, and the request to submit that question was properly refused. The counsel for the defendant also asked to go to the jury on the question whether there was any consideration for the notes. The court refused to submit that question to the jury and directed a verdict for the plaintiff. We think the testimony introduced on the part of the defendant, and the admissions of the defendant's counsel, established a consideration, and that there was nothing to submit to the jury. The only evidence introduced to establish a want of consideration was to the effect that Charles F. Weber had furnished capital to Albert Weber and his brother in 1869, and that Albert Weber had during his father's absence in Europe, and by his authority, collected money due him. This evidence might have been pertinent in the litigations which were compromised, but was not sufficient to show that the compromise was not a good consideration for the notes. There was no offer to show that any fraud was practiced to bring about the compromise, or that the executrix of Albert Weber knew that the claims made by her were groundless or fictitious. All that was proposed to be shown was that there was a good and meritorious defense to such claims. That question the court very properly refused to try in this action.

The defendant offered in evidence certain accounts in the cash book of C. F. Weber & Son, showing credits to Chas. F. Weber, Sr., and debits to Albert Weber, between 1869

and 1872. These were excluded by the court and we see no error in this ruling. No foundation had been laid for re-opening the compromise and settlement made in 1874. There would be very little use in compromising controversies, if, after such compromise, the whole matter remained open, and it were a good defence to a note given in settlement that a meritorious defence existed to the original claim. Where facts out of which a defense arises are known to the party making the claim, and fraudulently concealed from, and unknown to the other party at the time of the compromise, such fraud may be shown ; but, in the absence of any such fraud, evidence of the mere fact that a defense existed is not admissible. (*Stewart* v. *Ahrenfeldt*, 4 Denio, 189 ; *Russell* v. *Cook*, 3 Hill, 504.) The proof offered in the present case did not even tend to show that the claim of the executrix of Albert Weber was unfounded. It appears that her claim was for property and assets of her testator which it was alleged had, after his decease, come into the hands of his father. The evidence introduced and offered by the defendant simply tended to show an indebtedness on the part of Albert Weber, in his life-time, to his father. Notwithstanding such indebtedness the father might be liable to an accounting with the executrix of his son in respect to the assets claimed. It is not claimed that the father was less conversant with the facts than the widow of his son, but however this might be, if he chose to settle with her for a gross sum, rather than go into an accounting, he could do so, and no reason is shown for opening the settlement. Furthermore, the widow by her stipulation undertook to protect the father against actions for the recovery of the property claimed, by any other person representing the estate of the son, and it appears from the affidavit put in evidence by the defendant, that she surrendered up all books, vouchers and documentary evidence in her possession. The notes in suit imported a consideration and the onus was upon the defendant to disprove it. So far from doing so, a good consideration appeared upon her own showing. The

case does not fall within any of those cited by the counsel for the appellant in support of the proposition that the compromise of a claim wholly destitute of color or foundation, or not made in good faith, is not a good consideration for an agreement.

The judgment should be affirmed.

All concur.

Judgment affirmed.