SAMUEL T. BARNES, APPELLANT, v. EDWARD RYAN, RESPONDENT.

*Consideration of a promise — settlement of a disputed claim — it is immaterial that the claim was invalid.*

In an action brought by Samuel T. Barnes against Edward Ryan the complaint alleged that the plaintiff began an action against the defendant for obstructing the flow of water in a ditch which passed through adjoining lands of the parties to that action, and that the defendant promised to pay the plaintiff a certain sum of money if the latter would discontinue his action, which the plaintiff did. The answer alleged that the promise was void for want of consideration.

The complaint having been dismissed on the trial, on an appeal by Barnes from the judgment of dismissal:

*Held*, that it was of no importance whether Barnes' claim against Ryan was valid or not, as the settlement of a disputed claim would uphold a promise to pay a stipulated sum; and that the action having been brought upon that promise judgment should have been rendered for the plaintiff.

APPEAL by the plaintiff Samuel T. Barnes from a judgment of the Supreme Court, entered in the office of the clerk of the county of Clinton on the 16th day of March, 1892, affirming a judgment for the defendant, obtained in a Justices' Court, of no cause of action.

The plaintiff appealed to the Clinton County Court, the judge of which court, upon the ground of disqualification, certified the case to the Supreme Court at Special Term, where the judgment was affirmed as before stated.

*H. S. Hafft* and *George H. Beckwith*, for the appellant.

*W. H. Dunn*, for the respondent.

Mayham, P. J.:

Appeal from a judgment, entered upon the decision of a judge at Special Term, on an appeal pending in the Clinton County Court from the judgment of a justice of the peace, and certified to the Supreme Court by the county judge on account of his disability to hear the same.

The action was prosecuted in Justice's Court to recover fifty dollars, which the plaintiff alleged that the defendant agreed by parol to pay him in settlement of a disputed claim made by the plaintiff against the defendant for obstructing the flow of water in a ditch which passed through the adjoining lands of plaintiff and defendant.

The complaint alleged the commencement of an action by the plaintiff against the defendant, and that in consideration of the plaintiff stopping the action the defendant agreed to pay him within thirty days fifty dollars and open the ditch.

The answer is a denial. That the promise was void for want of consideration; and also under the statute of fraud; also set up the statute of limitation.

The undisputed evidence showed that the plaintiff claimed damages of the defendant for filling up the ditch and threatened litigation, and that the defendant agreed, if plaintiff would not prosecute his pretended claim, he would within thirty days pay him on such doubtful or disputed claim fifty dollars.

Upon these undisputed facts, did this promise constitute a valid cause of action? We do not think that the question of the validity of the plaintiff's claim for damages for the flooding of his land can properly be considered in answering that question.

The real question turns upon the settlement of or discharge by the plaintiff of a pretended claim, which was disputed by the defendant. It is not necessary that the disputed claim should be a valid one, which the plaintiff could enforce by action.

In *White* v. *Hoyt* (73 N. Y., 514) the court say : " It is not neces-
sary to uphold a promise based upon the surrender or composition
and compromise of a claim, that it was a valid claim, one that could
be enforced at law.   A promise made upon a settlement of disputes
and to prevent litigation is made upon a good consideration.   The
settlement of a doubtful claim will uphold a promise to pay a stipu-
lated sum, or do any other lawful act." And the court cites numerous
authorities from judicial decisions and elementary writers to sustain
the above proposition.   In *Stewart* v. *Ahrenfeldt* (4 Den., 190) the
court say : " The settlement of a suit or the compromise of a doubt-
ful claim is a good consideration for a promise to pay money ; and
when an action is brought upon the promise, it is no answer to show
that the first suit could not have been maintained, or that the claim
was not a valid one.   When parties meet upon equal terms and
adjust their differences, both are concluded from further litigation
of the matter."

In *Russell* v. *Cook* (3 Hill, 504) it was held that a note given
upon the settlement of a doubtful claim preferred against the maker
will be upheld as founded upon sufficient consideration, without
regard to the legal vaildity of the claim.

In such case it matters not on which side the right ultimately
turns out to be ; the court will not look beyond the compromise.
(See, also, *Adams* v. *Sage*, 28 N. Y., 103 ; *Wehrum* v. *Kuhn*, 61
id., 623 ; *Farmers' Bank of Amsterdam* v. *Blair*, 44 Barb., 641 ;
*Rector, etc., of St. Mark's Church* v. *Teed*, 44 Hun, 349.)   In the
case at bar there was a disputed claim or controverted claim made
by the plaintiff against the defendant growing out of the alleged
damming of this ditch.

It is not material now to inquire whether the claim was, or was
not well founded, or whether, as an original proposition, an action
could be maintained upon it.   Upon that subject, the court cannot
now speculate.   The undisputed evidence is, that to settle that dis-
pute this agreement was made, and that settlement, furnished,
within the authorities cited, a good consideration for the promise to
pay this money.

That promise was not within the condemnation of any of the pro-
visions of the statute of frauds, and the action being founded upon
the promise which grew out of the settlement and not out of the

cause of action, or alleged cause of action, in dispute, which was set-tled, the statute of limitation had not attached to that promise when the action was commenced.

We are, therefore, of the opinion that a cause of action was made out on the proof, and was not successfully defended.

The judgment of the justice and of the County Court must be reversed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment of County and Justice Court reversed, with costs.