### AGAN v. FILE et al.

(Supreme Court, General Term, Third Department. February 12, 1895.)

LIMITATION OF ACTIONS—RUNNING OF STATUTE—COMPROMISE OF CLAIM.

A settlement of mutual demands, whereby a balance is found to be due to one of the parties from the other, is the foundation of a new cause of action, and the statute of limitations begins to run from that time.

Appeal from special term, Rensselaer county.

Claim by Warren B. Agan against Hiram File and Eliza M. Agan, as executors of Lyman B. Agan, deceased. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

B. W. File (Henry A. King, of counsel), for appellants.
Davenport & Hollister (N. Davenport, of counsel), for respondent.

HERRICK, J. I think there is evidence in this case to show that, prior to the year 1887, there was an outstanding claim or account between Warren B. Agan and Lyman B. Agan; that in February, 1887, the parties, upon examination of their accounts, differed as to the amount due, and finally agreed to adjust or compromise it at $1,200. There being evidence of such facts, we should not disturb the findings of the referee in respect thereto. It seems to me that the settlement or agreement upon that sum was the foundation of a new cause of action in favor of Warren B. against Lyman B. Agan. We are not at liberty to go back of the settlement to determine whether in truth and fact Warren B. had at that time a just and legal claim against Lyman. Barnes v. Ryan, 66 Hun, 170, 21 N. Y. Supp. 127, and cases cited. If it did constitute a cause of action, that cause of action only accrued at the time of the settlement; that is, February, 1887. And six years had not elapsed when the claim was referred; consequently, it is not barred by the statute of limitations. While I am inclined to think that the referee erred in some of his findings of fact,—for instance, there does not appear to be positive evidence that the lease of the house to Warren B. was ever delivered to him,—still I do not think those errors affect the result, and it seems to me that in the main the referee's opinion is correct, and that the judgment should be affirmed, without any opinion. All concur.