(20 Misc. Rep. 53.)

SEARS v. GRAND LODGE OF ANCIENT ORDER OF UNITED WORK
MEN OF NEW YORK.

(Supreme Court, Trial Term, Onondaga County.  March, 1897.)

COMPROMISE—ENFORCEMENT.

> Plaintiff was named as beneficiary in a certificate of insurance issued by defendant.  The insured suddenly disappeared, and plaintiff sued on the certificate, payment of which defendant resisted on the ground that the insured was not dead.  Afterwards the suit was settled under an agreement that defendant would pay plaintiff part of her claim in cash, and pay the balance to a trustee to hold until a certain day, when it should be paid over to her unless it appeared that the insured was living.  After the agreement was made, but before any payment had been made under it, it was discovered that the insured was still living.  *Held*, that plaintiff was nevertheless entitled to recover the sum agreed to be paid to her forthwith.

Action by George H. Sears against the Grand Lodge of the Ancient Order of United Workmen of New York on an agreement by which the parties compromised and settled an action pending between them.  Judgment for plaintiff.

C. I. Reymour, for plaintiff.
Wilson & Cobbs, for defendant.

HISCOCK, J.  In the year 1886 the defendant issued a certificate of membership to one Charles R. Baumgras, whereby, in effect, it insured his life in the sum of $2,000, and named his wife, Mary Baumgras, as beneficiary.  Thereafter, and during the month of September, 1886, said Charles R. Baumgras suddenly and mysteriously disappeared from his home.  After various negotiations and communications between said Mary Baumgras and defendant, and on or about September 22, 1895, she commenced an action against it in the supreme court to recover the amount of said certificate, in her complaint, among other things, alleging the death of said Charles R. Baumgras and certain facts which tended to prove it. Defendant appeared and answered in said action, denying the death of said Baumgras and generally its liability under said certificate. Thereafter an agreement was made between her and it, compromising and settling said claim and suit, and by which agreement it was, among other things, provided that the sum of $666 should be paid to her promptly, and that the further sum of $1,334 should be paid to a trustee named, to be retained until July 1, 1897, under the condition and provision that in case defendant should discover at any time between the date of said agreement and said date, and should produce proper and reasonable proof, that said Charles R. Baumgras was alive, and should fix his identity with certainty, and should locate where he was, so that his said wife might verify the fact that he was alive, said fund (or property into which it might have been converted) should be returned to defendant.  As a matter of fact, said Baumgras was not dead, but was discovered alive soon after said agreement was made, and before the payment of said sum last above mentioned.  The defendant has refused to pay

the first sum, which under the agreement was to be paid at once; and said Mary Baumgras having transferred her rights in the same to plaintiff, as security or compensation for services rendered by him as an attorney for her, he brings this action.

Plaintiff's claim and action is based upon the contract of compromise or settlement of the original claim, and not upon that claim, and it seems to me that he is entitled to recover. There is no claim that Mary Baumgras did not honestly believe her husband to be dead, and herself to be entitled to the money under his certificate of membership in defendant, at the time the agreement of compromise was made. The facts as they appeared at the time her action was brought upon that certificate, and as they appear upon this action to have existed at that time, thoroughly warranted such belief. They might very probably and properly have secured her a verdict and judgment for the full amount of the certificate. Defendant very likely also believed that said Baumgras was dead, but whatever it believed upon that subject, as shown by its answer in the original action and by the very terms of the agreement upon which this action is brought, it recognized that there was no certainty of such death. It put in issue plaintiff's allegations of that fact, and put her to her proofs upon that subject. It realized, as shown by its acts and agreement, that, while plaintiff might recover the full amount of the certificate, the insured might still be alive, and be found after such recovery. Under such circumstances, it made the agreement in question, whereby it provided for the payment of a small portion of the policy at once, and withheld and postponed the payment of the balance and larger amount thereof to a quite distant date; thus securing the benefit of more time in which to search for the alleged dead man, and determine whether in fact he was so dead, and his widow entitled to recover. By its agreement, it secured the advantage, through payment of a small sum, of possibly avoiding an immediate recovery for the whole amount, and the ultimate escape from liability for a large portion of the certificate. Even though it believed Baumgras to be dead, it made an agreement which contemplated the possibility of what transpired to be the actual fact. It made a compromise and settlement of a claim whereby it avoided payment of more than two-thirds of the entire policy. Under these circumstances, although the defendant may, as a matter of fact, have believed that to be the truth which was not, it still recognized the fallibility of its belief, and provided for the existence of the real fact. The agreement was a compromise and settlement of a disputed claim, and is to be treated as such, rather than as an agreement made under mistake of fact, as claimed by defendant's counsel, and under it, as such settlement, plaintiff is entitled to recover. Mowatt v. Wright, 1 Wend. 356; Feeter v. Weber, 78 N. Y. 334; Adams v. Sage, 28 N. Y. 103, 110; White v. Hoyt, 73 N. Y. 514; Wahl v. Barnum, 116 N. Y. 87, 22 N. E. 280. The action does not come within the principles of those cases cited by defendant's counsel, which, so far as they are applicable, relate to recoveries or proceedings founded upon an essential fact about which there was a mistake, and which are

quite different from that other class of actions to which the one at bar belongs, where a claim is based upon a settlement of a dispute about the existence of some fact.

Judgment for plaintiff.