(40 Misc. Rep. 105.)

COWEN v. ROUSS.

(Supreme Court, Special Term, New York County. February, 1903.)

1. COMPROMISE—DEFENSES.

One who has compromised a doubtful claim cannot subsequently escape payment by showing the claim was invalid.

2. BREACH OF MARRIAGE PROMISE—SEDUCTION.

A complaint alleging that plaintiff released one, since deceased, from all claims arising out of seduction under promise of marriage, and from

¶ 1. See Compromise and Settlement, vol. 10, Cent. Dig. §§ 40, 67.

any other action "which this plaintiff then had or might have had," is not subject to demurrer by decedent's executors, as such clause may be taken to include an action for a breach of a promise to marry with seduction as an element of damages.

**8. PLEADING—COMPLAINT—CONSTRUCTION.**
Complaint in an action on a compromise agreement alleged that the other party agreed to pay in consideration that plaintiff "should release," etc. The second paragraph of the complaint alleged that plaintiff fully performed all those acts and things on her part being the consideration for such promise, and did agree and did not institute any action against such other party, and did accept said promise. *Held*, that the allegation in the second clause should be construed as an allegation of something additional which plaintiff agreed to do and did, and not as a qualification of the original allegation of performance.

Action by Lizzie S. Cowen against William W. Rouss, as executor of Charles B. Rouss. Demurrer to complaint. Overruled.

Jacob Marks (Howe & Hummel, of counsel), for plaintiff.
John A. Rooney, for defendant demurrant.

BLANCHARD, J. This is a demurrer to a complaint. The complaint alleges "that in or about the month of April, 1892, the above-named deceased, Charles Broadway Rouss, in and for the consideration that this plaintiff should release him from all claims and demands that she should have against him, the said Charles Broadway Rouss on account of or arising out of his, the said Charles Broadway Rouss', having seduced this plaintiff under his promise her to marry, or any other action which this plaintiff then had or might have had, and in full compromise, settlement, accord, and satisfaction of all the claims of this plaintiff at that date against him, the said Charles Broadway Rouss promised, covenanted, and agreed to and with the plaintiff that he, the said Charles Broadway Rouss, would pay to this plaintiff the sum of $50,000."

The first point made by defendant is that the agreement alleged must fail, because the consideration recited was in fact no consideration, the argument being that a woman has no cause of action for her own seduction against the man who seduced her. The allegation, however, is, "all claims * * * on acount of or arising out of his * * * having seduced this plaintiff under his promise her to marry." The cause of action under this allegation might very well have been one for the breach of the promise of marriage, with the seduction as an element of damage. Such a cause of action would be a claim "arising out of" the seduction under the promise of marriage. The agreement appears to be founded, however, upon the further consideration of "any other action which this plaintiff then had or might have had." I do not think, for the purposes of this complaint, it was necessary to set forth what such other actions were. Taking this view of the complaint, it does not become necessary for me to pass upon the question presented as to whether the claim plaintiff agreed to release was in fact a valid one, and whether or not it afforded a sufficient consideration for the agreement to pay. Assuming the facts as alleged to be true, as I must for the purpose of the demurrer, it would seem that the decedent considered the claim

of sufficient weight to warrant him in agreeing to paying the plaintiff $50,000. I entertain the opinion that the agreement to release an asserted claim, be it valid or not, would be a sufficient consideration. Were the law otherwise, there would be no permanency to a settlement of any asserted claim. The party against whom the claim was asserted, when called upon to keep his agreement, might in every case contend that the claim settled was not a valid one. The decided cases are to the contrary of this proposition put forward by the defendant. Stewart v. Ahrenfeldt, 4 Denio, 189; Dovale v. Ackermann, 2 App. Div. 404, 37 N. Y. Supp. 959; Feeter v. Weber, 78 N. Y. 334; Wehrum v. Kuhn, 61 N. Y. 623; Barnes v. Ryan, 66 Hun, 170, 21 N. Y. Supp. 127.

The defendant claims further that the complaint is insufficient in the following respect: By the first paragraph of the complaint, before quoted, the "decedent agreed to pay in consideration that the plaintiff 'should release,' " etc. In the second paragraph of the complaint the plaintiff alleges "that the plaintiff fully performed all those acts and things on her part to be performed, being the consideration of the said promise and agreement of said Charles Broadway Rouss to pay her said $50,000, and did agree not to, and did not, institute any action or proceeding against said Charles Broadway Rouss, and did accept said promise," etc. The defendant's point is that this is not an allegation that the plaintiff did release decedent in accordance with the terms of the agreement set forth in paragraph first, the argument being that, had plaintiff stopped after her allegation that she had performed, etc., it might have been a sufficient allegation under section 533 of the Code of Civil Procedure, but the subsequent allegations as to plaintiff's agreement not to institute an action, etc., was a qualification of the original allegation of performance, and a specific statement of what plaintiff did do, and constituted, therefore, a limitation of the general allegation of performance. It will be observed that the word "and" is used after the allegation of performance. I do not think the paragraph is open to the interpretation for which defendant contends. I believe it should be construed as an allegation of something additional, which plaintiff agreed to do and did. It follows from these expressions of my views that the demurrer should be overruled, with costs, with leave to defendant, upon payment of these costs, to plead anew.

Demurrer overruled, with costs, with leave to defendant, upon payment of costs, to plead anew.