KENT v. STANDARD OIL CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   May 6, 1910.)

1. PLEADING (§ 364*)—MOTION TO STRIKE—IRRELEVANT MATTER.
   A motion to strike irrelevant matter from a complaint is not favored, unless possible injury to the moving party is apparent.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1156; Dec. Dig. § 364.*]

2. PLEADING (§ 364*)—IRRELEVANT MATTER—MOTION TO STRIKE.
   In an action for breach of a contract to employ plaintiff for the rest of his life at the same wages he was receiving when he was injured, on the ground that defendant after three years broke the contract by discharging plaintiff and failed to continue payments, allegations that the accident happened "because of the carelessness and negligence of the defendant," and that limitations had run against plaintiff's right to maintain an action in tort for such injuries, were irrelevant, and defendant was entitled to have the same stricken on motion.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

   Hirschberg, P. J., dissenting.

Appeal from Special Term, Kings County.

Action by Cornelius J. Kent against the Standard Oil Company of New York. From an order denying defendant's motion to strike certain allegations from the complaint as irrelevant, it appeals. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Chester O. Swain, for appellant.
Martin T. Manton, for respondent.

CARR, J.   The defendant appeals from an order denying its motion to strike out of the complaint certain allegations thereof as irrelevant. The cause of action set forth in the complaint is founded on contract. Briefly stated, it is as follows:   The plaintiff was employed by the defendant, and during the course of his work was injured by the caving in of a well in which he was working.   He gave the defendant a general release from all claim of liability in consideration of an agreement by the defendant to retain him in its service for life and to pay him the same rate of wages as he received at the time of the accident; and after performing this agreement for about three years the defendant broke the contract by discharging the plaintiff and failing to continue the payments.

The specific allegations complained of as irrelevant are that the plaintiff was injured, that the accident happened "because of the carelessness and negligence of the defendant," and a further allegation that the statute of limitations has run against his right to maintain an action in tort.   This latter allegation is clearly irrelevant, as it is but a conclusion of law at most, and should not have been pleaded by the plaintiff, and for the further reason that, as the plaintiff is suing on an express contract, the time in which an action might have been

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

brought for a tort has no apparent relevancy. Yet, as motions of this kind are not favored unless possible injury to the moving party be apparent (Dinkelspiel v. N. Y. Evening Journal Co., 91 App. Div. 96, 86 N. Y. Supp. 375; Hatch v. Matthews, 85 Hun, 522, 33 N. Y. Supp. 332), we should not feel justified in reversing the order of the Special Term on this specific ground alone.

It appears that the learned court at Special Term thought that the allegation as to the "carelessness and negligence of the defendant" was properly in the complaint, as showing the consideration of the contract on which the plaintiff sues, and was therefore not irrelevant. In this we think that court was in error. If the plaintiff proves the contract on which he sues—that is, an agreement by the defendant to retain him in its service because of the execution by him of a general release—it will not be requisite for him to prove that he had in fact a cause of action for negligence against the defendant when he gave the release, for the release on his part was in fact the legal consideration of the agreement of the defendant, and not the cause of action released. Barnes v. Ryan, 66 Hun, 170, 21 N. Y. Supp. 127; Feeter v. Weber, 78 N. Y. 334; Sears v. Grand Lodge A. O. U. W., 163 N. Y. 374, 57 N. E. 618, 50 L. R. A. 204; Andrews v. Brewster, 56 Hun, 640, 9 N. Y. Supp. 114; Id., 124 N. Y. 433, 26 N. E. 1024. Unless the defendant should seek to avoid the contract on the ground of fraud, the question of the cause of action released would not be relevant. The defendant has not yet answered, and there is no present occasion for the plaintiff to anticipate such a defense. Perhaps the presence of this allegation in the complaint may be of no substantial injury to the defendant, yet at the same time it may serve as a peg upon which the plaintiff may seek to hang a right to offer evidence thereon, and thereby partially convert a trial as to a contract into one as to a tort, and thus create an atmosphere in the case which may influence the jurors unconsciously in determining the issue as to the contract. We think that the defendant is within its rights in insisting that it shall not be exposed, on the trial, to such a contingency.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to strike out should be granted, with $10 costs. All concur, except HIRSCHBERG, P. J., who dissents.