FOX v. PATACHNIKOFF.

(Supreme Court, Appellate Term. January 5, 1912.)

1. ACCOUNT STATED (§ 19*)—EVIDENCE—SUFFICIENCY.
    In an action upon an account, evidence *held* sufficient to establish that it was an account stated.
    [Ed. Note.—For other cases, see Account Stated, Cent. Dig. § 93; Dec. Dig. § 19.*]

2. ACCOUNT STATED (§ 1*)—DEFINITION.
    An account stated is an account balanced and rendered, with an assent to the balance, express or implied.
    [Ed. Note.—For other cases, see Account Stated, Cent. Dig. § 1; Dec. Dig. § 1.*
    For other definitions, see Words and Phrases, vol. 1, pp. 93–98; vol. 8, p. 7561.]

3. LIMITATION OF ACTIONS (§ 148*)—RUNNING OF STATUTE—ACCOUNT STATED.
    Where a debtor agreed to an account, and it became an account stated, the statute of limitations did not begin to run against the action upon it until the time of the agreement, for it was a different cause of action from the original obligation, and, while the statement of an account was not such an acknowledgment or promise as would take the original debt out of the operation of the statute, it created a new cause of action.
    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 603; Dec. Dig. § 148.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

---

Action by Isaac Fox against Morris Patachnikoff. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Leon Dashew, for appellant.

David H. Solotaroff, for respondent.

SEABURY, J. This action was brought to recover upon an account stated between the plaintiff and the defendant on January 8, 1907. The answer pleaded a general denial and the statute of limitations. The basis of the account was goods sold and delivered by the plaintiff to the defendant; the last items having been sold and delivered on January 31, 1905. Two questions are presented for determination: First, does the evidence establish an account stated between the parties? Second, if so does the statute of limitations run from the date of the settlement of the account, or from the date of the sale and delivery of the goods, which was the original transaction between the parties?

[1] The defendant admitted the sale and delivery of the goods and that the sum claimed remained unpaid. The plaintiff testified that, in the month of January, 1907, a demand was made upon the defendant for the sum claimed; that, on January 8, 1907, the defendant called at his place of business and went over the defendant's account recorded on plaintiff's books; that the account was stated to be the sum claimed, and the defendant admitted that the account so stated was correct, and promised to pay it. The plaintiff was corroborated by a witness formerly in his employ. The defendant admitted that, in the year 1907, the plaintiff demanded the sum claimed, and admitted that the amount demanded was correct, and that he promised to pay it, but testified that plaintiff did not present a statement which he acknowledged to be correct, and that the plaintiff did not go over the account with him. The testimony of the defendant was without corroboration, and it was proved that the defendant had been convicted of a crime. In our judgment the credible evidence above set forth established an account stated.

[2] An account stated has been defined by the Court of Appeals in the case of Volkening v. De Graaf, 81 N. Y. 268, to be "an account balanced and rendered, with an assent to the balance, expressed or implied." The evidence adduced contained all the elements of an account stated.

[3] As there was an account stated between the plaintiff and the defendant on January 8, 1907, a new cause of action was brought into existence on that date. The cause of action represented by an account stated is different from the original obligation. The former finds its basis in an agreement between the parties that a certain balance is due from one to the other, which balance the indebted party expressly or impliedly promises to pay, and in pleading this former action it is unnecessary for the plaintiff to declare upon the original obligation. Schutz v. Morette, 146 N. Y. 141, 40 N. E. 780.

The two causes of action being different, it is clear that the statute of limitations, so far as this action is concerned, commenced to run

from the date of the account stated. The account was stated before the statute of limitations had run against the original debt. The statement of the account was not such an acknowledgment or promise as would take the original debt out of the operation of the statute; but it created a new obligation, founded upon a new consideration, arising from the defendant's promise to pay the balance stated to be due. The statute of limitation against this new cause of action commenced to run from the time the account was stated. Farrington v. Lee, 1 Mod. 269; Webber v. Tivill, 2 Saund. 124, as reported in 85 English Reports, 843 (reprint); Ashby v. James, 11 M. & W. 542; Union Bank v. Knapp, 3 Pick. (Mass.) 96, 15 Am. Dec. 181; Belchertown v. Bridgman, 118 Mass. 486; Agan v. File, 84 Hun, 607, 32 N. Y. Supp. 1066.

As the present cause of action did not exist prior to January 8, 1907, it is not barred by the statute of limitations, and the plaintiff was entitled to recover the amount claimed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.