## STEWART *vs.* AHRENFELDT.

The settlement of a suit, or the compromise of a doubtful claim, is a good consideration for a promise to pay money; and in an action on such promise it is not competent for the defendant to show that nothing was due the promisee on the demand which had been adjusted.

But if the party to whom the promise is made has fraudulently concealed material facts, not within the knowledge of the other party, such fraudulent conduct may be shown to defeat a recovery on the promise.

Therefore, where one sued as an endorser, compromised the claim by giving his note for a part of the demand, and in an action on the new note offered to show that when it was given the plaintiff had in his hands money of the maker of the former note to an amount sufficient to pay it, and that there was nothing due thereon; *held*, that such evidence was admissible.

If payment had been set up in the former suit, or if the maker of the old note had, to the knowledge of the surety, claimed that it had been paid, the rule would have been different, and the evidence offered would not have been competent.

ERROR to the New-York superior court. Stewart sued Ahrenfeldt before one of the assistant justices of the city of New-York, on a promissory note for $50, given to the plaintiff by the defendant, dated January 9, 1844, and payable twelve months after date. It appeared, that the plaintiff formerly brought a suit in the supreme court, against both maker and endorser, on a promissory note for $255, dated December 31, 1841, made by one Parker, and endorsed by the defendant. The suit was at issue, and had been referred to referees. For the purpose of settling and getting rid of that suit, and getting his name off from that note, the defendant gave the plaintiff two promissory notes of $50 each; and the defendant's name was thereupon stricken from the $255 note, and the plaintiff agreed to enter a *nolle prosequi* as to this defendant in that suit—leaving it to go on against the maker of the note. The $50 note in suit is one of the two $50 notes above mentioned. The original suit went on against Parker, the maker, for a time; and was then settled—the plaintiff giving up the note to Parker, without receiving any thing; and also paying a part of Parker's costs of the suit.

Stewart *v.* Ahrenfeldt.

The defendant offered, in several forms, to prove, that nothing was due to the plaintiff at the time he brought the suit on the large note—that he had money of Parker's (the maker) in his hands at that time more than sufficient to pay the note. The justice rejected the evidence; and gave judgment for the plaintiff. On *certiorari*, the superior court reversed the judgment. The plaintiff brings error.

*R. S. Rowley,* for the plaintiff in error, cited 3 *Hill,* 504; 5 *Watts,* 259; 6 *Munf.* 406; 14 *Conn.* 12; 2 *Penn.* 531; 6 *Monroe,* 97; *Chit. on Cont.* 43, 44, 6*th Am.* ed.

*J. G. McAdam,* for the defendant in error.

*By the Court,* BRONSON, Ch. J. The plaintiff is right in his law, that the settlement of a suit, or the compromise of a doubtful claim, is a good consideration for a promise to pay money; and when an action is brought upon the promise, it is no answer to show, that the first suit could not have been maintained, or that the claim was not a valid one. When parties meet upon equal terms, and adjust their differences, both are concluded from any further litigation of the matter. One party is not at liberty to say, that the sum paid, or agreed to be paid, was too much; nor the other, that it was not enough. Any other rule would deny to parties the right to settle their claims and controversies as they may deem proper. But it must be understood that in making the compromise, the parties have dealt fairly with each other. Fraud vitiates every thing. If Parker, instead of the defendant, had made this arrangement with the plaintiff, he would have been bound by it; for he and the plaintiff would have met on equal terms. One knew as well as the other whether the whole, or any part of the debt had been paid. But it was not so with the defendant. He was not the principal in the note; but stood in the relation of a surety for Parker. And there is nothing in the case to show, that he had even heard of the payment; or that there was any such ground for a defence. If the plaintiff, with

the money in his pocket, allowed the defendant to act on the mistaken supposition that he was liable as endorser for the debt, he did not deal fairly with his adversary; and the settlement ought not to be held conclusive. I agree, that if the question of payment was a point in controversy between the parties; if the defendant knew that Parker claimed to have paid the note, while that fact was denied by the plaintiff, and still chose to give one hundred dollars, or any other sum, to settle the suit and have his endorsement cancelled, instead of taking the peril and incurring the expense of a trial, there is no good reason why he should not be holden to the bargain. Settlements of this kind are usually effected by mutual concessions—one party agreeing to take less than he claims, and the other to pay more than he admits to be due, for the sake of ending or preventing litigation. And if all has been fairly done, neither party is afterwards at liberty to disregard the agreement and re-open the controversy. But until it appears, that the defendant knew there was, or might be a question of payment in the case, I think he is at liberty to impeach the consideration of the new notes, by showing that the plaintiff had been paid before those notes were given.

Judgment affirmed.