HANNAH M. NOE, Administratrix, etc., Respondent, *v.* JOHN S. CHRISTIE, impleaded, etc., Appellant.

An order by A. upon his debtor B. in favor of C. does not operate as an assignment of the debt to the amount of the order, and where B. pays a portion of such order, but does not accept the same or in any way agree to pay the residue, in an action by A. to recover the debt, B. is only entitled to credit for the amount actually paid, unless it appears that C. accepted B. as his debtor and discharged A. from liability.

Plaintiff made a stipulation stating that he consented to, and the suit was thereby discontinued, and the cause of action released in consideration of the payment of the costs and seventy dollars to plaintiff's attorney. Defendant paid the seventy dollars and tendered the costs, and set up an accord and satisfaction. *Held,* that this was at most a simple unexecuted accord, and not a satisfaction.

Where one jointly interested with others in a claim, with the authority and consent of the others, employs an agent to collect the claim and to account to him therefor, he stands in the relation of trustee to the other claimants, and an action is properly brought in his name alone against the agent to recover the avails of the collection.

(Argued September 17, 1872; decided January term, 1873.)

APPEAL by the defendant Christie from a judgment of the General Term of the Superior Court of the city of New York,

affirming a judgment in favor of the plaintiff, entered on the report of a referee.

The action was brought for the recovery of $1,246, the balance of the sum of $2,146, collected by the defendants as claim agents and brokers from the government of the United States on the employment of the plaintiff, after allowing $100 for their services in making the collection and crediting the sum of $800 paid on account thereof.

The defendant Christie set up as one defence that the money was collected by the defendants under an agreement with one William S. Bliss, and that the action should be prosecuted by him as the real party in interest, and as a fur-- ther defence that they have paid the sum of $1,521, a portion of the fund, to the plaintiff on his order, and he then sets up by way of accord and satisfaction of the residue an instrument signed by the plaintiffs in the following terms, viz. :

" I hereby consent to the discontinuance of the suit in the case of *Isaac D. Hammond* v. *Christie & Stow*, and the suit is hereby discontinued and the cause of action released in con- sideration that Christie & Stow pay the costs of said suit, and pay a certain order or draft drawn by me on Christie & Stow for seventy dollars, now in the hands of James M. Sheehan," and he then avers the payment of the said sum of seventy dollars to Sheehan, and that at the time of such payment offered to pay and tendered to him (he being the plaintiff's attorney in the action) the plaintiff's costs therein.

The defendant Stow interposed substantially the same matters in defence.

The referee found due to the plaintiffs, after making an allowance of $225 to the defendants for their services, a balance of $1,115 over and above all payments, together with interest thereon, for which judgment was entered.

The facts, so far as they are material to the decision in this court, are sufficiently set forth in the opinion.

*E. J. Pattison* for the appellant. Plaintiff is not the party in interest and cannot maintain this action. (Code, § 3,

118.) A draft, payable out of a particular fund, operates as an assignment *pro tanto* to the drawee. (*Harris* v. *Clark*, 3 N. Y., 117, and cases cited; *Hoyt* v. *Story*, 3 Barb, 262.) The agreement or release executed by plaintiff is a sufficient defence to this action. (1 R. S. [Edm., ed.], 722, § 2; 2 Pars. on Con., 192, 130; *Palmer* v. *Huxford*, 4 Denio, 166; *Wilkinson* v. *Brown*, 1 Rawle, 391.)

*James M. Sheehan* for the respondent. Payment of a less sum than that due does not operate as an accord and satisfaction. (2 J. R., 448; 17 id., 169; 9 id., 333; 13 id., 353; 2 Daly, ——.) Tender is not sufficient; performance must be accepted. (16 N. Y., 448; 23 Wend., 343; 19 id., 408; 16 Barb., 598.) Defendants are estopped from denying Hammond as owner of the claims. (*Dezell* v. *Odell*, 3 Hill, 215; *Plumb* v. *Catt. Ins. Co.*, 16 N. Y., 392; 4 Barb., 495; 7 id., 407; 8 id., 102; 6 Bosw., 312; Ct. Apps., 1867; *Anbey* v. *Fiske*, 36 N. Y., 47; 37 How. Pr. R., 279; Story on Agency, § 217.) Plaintiff may maintain this action without joining the *cestui que trust.* (Code, § 113; *Lewis* v. *Graham*, 4 Abb., 106.)

Lott, Ch. C. The referee to whom the issues in the action were referred for trial has found, as facts, that the money in question was collected by the defendants on the employment of the plaintiff, and under an agreement to account with him therefor; that no specific sum was agreed to be paid for their services, and that $225 was a fair and adequate compensation therefor; that payments to a certain sum had been made to the plaintiff, on account, leaving a balance due and unpaid, and that there was never an accord and satisfaction between the parties whereby the said balance was paid or satisfied. These findings having been affirmed by the General Term on sufficient evidence are conclusive on us, unless it shall appear that the referee adopted an erroneous principle or rule of law in reaching that conclusion.

It is shown by one of his findings of fact that the plaintiff,

after the collection of the money by the defendants, gave William S. Bliss an order on them to pay him $600 and charge the same to the plaintiff's account, and they claim that they were entitled to a credit for that sum. There is nothing to warrant that claim. The order was not negotiable; it was a mere direction to pay Bliss the money specified therein, and did not operate as an assignment of the amount. (See *Tyler* v. *Gould*, 48 N. Y., 682.) It appears that a portion only ($100) was actually paid on account thereof by the defendants, and nothing was done by them to constitute a payment of the balance, and it does not appear that they agreed or became liable to pay it to Bliss, or that he accepted them as his debtors for the amount, or that he ever discharged the plaintiff from liability therefor. Under such circumstances the referee properly refused to give a credit beyond the sum of $100.

There are no facts found to show that there was an accord and satisfaction of the plaintiff's claim; and as that was a matter of defence, it was incumbent on the defendants to establish it. Indeed, it is conceded that the costs required to be paid under the agreement set up were never, in fact, paid; and assuming that they were tendered, that fact was not equivalent to its execution. It was nevertheless, at most, a simple unexecuted accord, and was not a satisfaction. (See *The Brooklyn Bank* v. *De Grauw*, 23 Wend, 342, and cases cited; *Day* v. *Roth*, 18 N. Y., 448, 456.)

There is no exception raising a question as to the disallowance of any other specific credit; and a general exception to the conclusion of law that the plaintiff was entitled to recover the entire amount found due, does not permit or justify such an inquiry. We must, therefore, assume that the sum recovered was correct.

It is however insisted that William M. Bliss was the party in interest, and that the action cannot be maintained by the plaintiff. It is a sufficient answer to this claim to say that there are no facts found to warrant it. There is, on the contrary, an express finding that the defendants undertook,

on their employment by the plaintiff, to collect the moneys for him and to account to him therefor, and that he is the sole party in interest; and if it be conceded that there is sufficient ground to show that there were other parties interested in the claims for, or on account of which the collections or any of them were made, it also appears they were so collected by the plaintiff in his own name by their authority and consent. He therefore stands in the relation of a trustee to them, and accountable as such to the extent of their interest. But so far as the defendants are concerned, he is the person with whom their contract was made and to whom they are legally accountable. The action was, therefore, properly brought in his name. (See section 113 of the Code.)

It follows, from the views above expressed, that there is no sufficient ground for the reversal of the judgment. It must, consequently, be affirmed with costs.

All concur.

Judgment affirmed.