OTTO KROMER, Respondent; *v.* ANTON HEIM, Appellant.

An accord must be completely executed to sustain a plea of accord and satisfaction; a part execution, and tender of performance of the residue is insufficient.

Plaintiff recovered a judgment herein for $4,334.08; pending a stay of execution thereon, plaintiff's attorney executed and delivered a stipulation agreeing to accept $3,000 in cash and the assignment of certain patent interests in settlement of the judgment, or to accept $1,000 in cash and merchandise sufficient to reduce the judgment to $1,000, and for that balance to accept an assignment of the patent interests. Defendant elected the latter alternative, paid the cash, delivered the merchandise and then tendered an assignment of the patent interests, which plaintiff refused to accept. *Held,* that a motion to set aside an execution issued to collect the balance of the judgment was properly denied; that the case was one of an accord partly executed; that plaintiff was under no legal obligation to accept the assignment, but could enforce the judgment for the balance unpaid.

(Argued December 5, 1878; decided January 21, 1879.)

APPEAL from order of the General Term of the Superior Court of the city of New York, affirming an order of Special Term denying a motion on the part of defendant to set aside an execution issued upon judgment herein, and to have the judgment satisfied of record.

On June 24, 1876, plaintiff obtained a judgment herein for $4,334.08. On July 26, 1876, and pending a stay of execution, plaintiff's attorney executed and delivered to defendant a written stipulation, in and by which plaintiff agreed to accept in settlement of the judgment, if paid within a year, $3,000 in cash and an assignment of defendant's interest in a certain patent right and of the assets of such patent business, or to accept $1,000 in cash, $250 down and the balance in installments, and merchandise to be delivered in amounts stated, sufficient, with the cash payments, to reduce the judgment to $1,000, and an assignment of said patent interests. Defendant paid the $250 down, and made the other cash payments and deliveries of mer-

chandise, as specified in the second alternative of the stipulation, until the judgment was reduced to less than $1,000, all of which payments were received by plaintiff without objection. Defendant then executed and tendered to plaintiff an assignment of the patent interests as required, which plaintiff declined to accept, but issued an execution to collect the balance of the judgment.

*D. M. Porter*, for appellant. The contract of settlement between plaintiff and defendant was valid. (*Bigelow* v. *Benedict*, 70 N. Y., 202; *Bigelow* v. *Benedict*, id.; *Story* v. *Salmon*, Ct. of App. MSS.; *Justice* v. *Lang*, 42 N. Y., 493; *Argus Co.* v. *Mayor*, 55 id., 495.) If not valid the acceptance of the goods in part performance, pursuant to the proposition, made it so. (*Allis* v. *Read*, 45 N. Y., 142; *Allis* v. *Read*, id., 143; *Dent* v. *Nth. Am. S. S. Co.*, 49 id., 391; *Bissell* v. *Balcom*, 39 id., 284; *Osborn* v. *Gautz*, 60 id., 54; *Gaylord Mnfg. Co.* v. *Allen*, 53 id., 515.) On the facts proved the judgment was fully paid. (*Enus* v. *Henderson*, 17 Wend., 190; *Davis* v. *Spencer*, 24 N. Y., 386, 391–392; *Hartley* v. *Fatham*, 1 Robt., 246; 2 Abb. Ct. App. Dec., 333.) Upon part performance by appellant the agreement could be enforced against him. (*McKnight* v. *Dunlop*, 1 Seld., 537; *Garfield* v. *Paris*, U. S. Sup. Ct. [17 Alb. Law J.], 467; *Morton* v. *Tibbett*, 15 Ad. & El. [N. S.], 434.) The delivery of property even of the smallest value would be good as an accord and satisfaction. (*Sibree* v. *Tripp*, 15 Mee. & W., 23–25, 35–38; 2 Parsons on Cont., vol. 2 [5th ed.], 618–619, *n. z.; Smith* v. *Brown*, 3 Hawks, 580; *Christie* v. *Craige*, 20 Penn., 430; *Grocers' Bk. of N. Y.* v. *Fitch*, 1 Thomp. & C., 651; 58 N. Y., 623; *Howard* v. *Norton*, 65 Barb., 161; *Philip* v. *Berger*, 2 id., 608; *Kellogg* v. *Richards*, 14 Wend., 116; *Steinman* v. *Magnus*, 2 Camp., 124; 1 East, 390; Comy's Dig., "Accord," b. 2; 2 Rol., 96; *Boyd* v. *Hitchcock*, 20 J. R., 76–78; *Brooks* v. *White*, 2 Metc., 283; *Henderson* v. *Moore*, 5 Cranch, 11; *Worthington* v. *Wigley*, 3 Bing. [N. C.], 454; *Good* v. *Cheeseman,* 2

B. & Ad., 328; *Lynn* v. *Bruce,* 2 H. Blackstone, 317; *Lyth* v. *Ault,* 7 Exch., 664; *Jones* v. *Bullett,* 2 Litt., 49; *Blinn* v. *Chester,* 5 Dey, 359; *Curlewis* v. *Clark,* 3 Exch., 375; *Peytoe's Case,* 5 Rep., 117; *Andrew* v. *Boughay,* Dyer, 756; *Watkinson* v. *Inglesby,* 5 J. R., 385; Parsons on Cont. [5th ed.], 683, *n.* 12; *Musgrove* v. *Gibbs,* 1 Dall., 216; *Coit* v. *Houston,* 3 J. R., 243; *Payne* v. *Barnet,* 2 Marsh, 312.)

*J. W. Feeter,* for respondent. The agreement of settlement was void for want of consideration and of mutuality. (1 Parsons on Cont., 427; 2 J. R., 438; 2 Cow., 122; *Seymour* v. *Minturn,* 17 J. R., 169; *Mitchell* v. *Hawley,* 4 Den., 414.) Payment of a less sum than that due does not constitute an accord and satisfaction. (2 J. R., 448; *Tilton* v. *Alcott,* 16 Barb., 598; *Brooklyn Bk.* v. *DeGrauw,* 23 Wend., 343; *Noe* v. *Christie,* 51 N. Y., 270; *Hammond* v. *Christie,* 5 Rob., 160; *Burge* v. *Hoop,* 5 Robt., 1; *Geary* v *Page,* 9 Bosw., 300; *Mitchell* v. *Hawley,* 4 Den., 414; *Bailey* v. *Homan,* 3 Bing. [N. C.], 915.)

ANDREWS, J. "Accord," says Sir Wm. BLACKSTONE, "is a satisfaction agreed upon between the party injuring and the party injured; which, when performed, is a bar to all actions upon this account:" (3 Bl. Com., 15.) An accord executory without performance accepted is no bar; and tender of performance is insufficient: (Bac. Abr. tit. Accord and Satisfaction, C). So also accord with part execution cannot be pleaded in satisfaction. The accord must be completely executed, to sustain a plea of accord and satisfaction. (Bac. Abr. Accord and Satisfaction, A; *Cock* v. *Honeychurch,* T. Ray., 203; *Allen* v. *Harris,* 1 Ld. RAY., 122; *Lynn* v. *Bruce,* 2 H. Bl., 317). In *Peytoe's Case* (9 Co., 79), it is said, "and every accord out to be full, perfect and complete; for if divers things are to be done and performed by the accord, the performance of part is not sufficient, but all ought to be performed." The rule that a promise to do another thing is not a satisfaction, is subject to the qualifi-

cation that where the parties agree that the new promise shall itself be a satisfaction of the prior debt or duty, and the new agreement is based upon a good consideration, and is accepted in satisfaction, then it operates as such, and bars the action : (*Evans* v. *Powis*, 1 Exch., 601 ; *Kinsler* v. *Pope*, 5 Strobhart, 126 ; Pars. on Cont., 683, note).

An exception to the general rule on this subject has been allowed in cases of composition deeds, or agreements between a debtor and his creditors ; and they have been held, upon grounds peculiar to that class of instruments, to bar an action by a separate creditor, who had signed the composition to recover his debt, although the composition agreement was still executory : (*Good* v. *Cheeseman*, 2 Barn. & Ad., 335; *Bayley* v. *Homan*, 3 Bing. [N. C.], 915). The doctrine which has sometimes been asserted that mutual promises which give a right of action may operate and are good, as an accord and satisfaction of a prior obligation, must, in this State, be taken with the qualification that the intent was to accept the new promise, as a satisfaction of the prior obligation. Where the performance of the new promise was the thing to be received in satisfaction, then, until performance, there is not complete accord ; and the original obligation remains in force : (*Russell* v. *Lytle*, 6 Wend., 390; *Daniels* v. *Hallenbeck*, 19 id., 408; *Hawley* v. *Foote*, id., 516; *The Brooklyn Bank* v. *DeGrauw*, 23 id., 342; *Tilton* v. *Alcott*, 16 Barb., 598).

Applying the well settled principles governing the subject of accords to this case, the claim that the plaintiff's judgment is satisfied cannot be maintained. There is no ground to infer that the agreement of July 26, 1876, was intended by the parties to be or was accepted as a substitute for or satisfaction of the plaintiff's judgment. It was, in effect, a proposition on the part of the plaintiff, in the alternative, to accept $3,000 in cash, if paid within one year, and the assignment of the patent and avails of the patent business, in full of the judgment of $4,334.08, or to accept $1,000 in cash, in installments, and the balance in merchandise, until the

judgment should be reduced to $1,000 ; and for that balance to accept the assignment of the patent interests.

The defendant had the election between the alternatives presented by the plaintiff. He elected the latter, and paid the $1,000, and supplied the merchandise, until the debt was reduced to $1,000, and then tendered the assignment of the patent interests, which the plaintiff refused to accept.

The judgment clearly was to remain in force until the satisfaction under the new agreement was complete. It is the case of an accord partly executed. So far as the plaintiff accepted performance, his claim was extinguished. So far as it was unexecuted, the judgment remained in full force ; and however indefensible in morals it may be for the plaintiff to refuse to abide by the agreement in respect to the patent interests, he was under no legal obligation to accept the assignment tendered ; and he had the legal right to enforce the judgment for the balance remaining unpaid.

It is clear that the right to supply the merchandise was for the benefit of the defendant. The plaintiff gave him the option to pay $3,000 in cash, and assign the patent interests, or to pay $3,334.08 in merchandise and assign the patent interests. The merchandise was to be furnished on "as favorable terms as would be allowed by Hoyt & Co., or New York rates for cash sales." It gave the plaintiff no benefit beyond what he would derive by any purchase in the open market of the same kind of goods. It is quite clear that the defendant preferred to pay $3.334.08 in merchandise to paying $3,000 in cash.

We think that no distinction arises upon the circumstances to take the case out of the general rule, that an unexecuted accord can not be treated as a satisfaction.

The order should be affirmed.

All concur.

Order affirmed.