By the Court.—Ingraham, J.
I do not think that the evidence of the plaintiff was sufficient to show an accord and satisfaction.
It is settled in this state that an “accord executing without performance accepted, is no bar. Tender of performance is insufficient” (Kromer v. Heim, 75 N. Y. 577), and in Noe v. Christie (51 N. Y. 273), on an agreement to settle a suit by the payment of a draft for $70 and the costs of suit, on payment of the draft and tender of the costs, the court say : “ Indeed it is conceded that the costs required to be paid under the agreement set up, were never in fact paid, and assuming that they were tendered, the fact was not equivalent to its execution. It was, nevertheless, at most a simple unexecuted accord and was not a satisfaction.”
The evidence in this case was that plaintiff’s attorney after presenting a claim against defendant for plaintiff, had an interview with defendant at the plaintiff’s attorney’s house at which defendant offered $600 for plaintiff, and $250 for the attorney ; that the attorney refused such offer and said, “ Inasmuch as that brings you up to $850, if you will make it up to $900, I think Mr. Brennan (plaintiff) would be willing to accept that, and I will see him and reportupon which defendant replied, “Very well, I will make the offer $900.”
*428 The following day plaintiff’s attorney called on defendant and said plaintiff would accept the $900. Defendant said, “Well, I will be down to your office on Wednesday, and I will in the mean time see my lawyers and have the release drawn up for your man to execute to which conversation the witness added, on cross-examination, that defendant said, “ I will come to your office on Wednesday and the matter can be settled up.”
This, I think, goes far short of accord and satisfaction of the old liability and an agreement to substitute the new promise in its place.
It will be noticed that there is no express promise to pay any sum of money. It is all in the future and executory. First was the offer, and when defendant was told the offer would be accepted, the reply was, “ I will be down on Wednesday and will see the lawyer, &c., and on Wednesday the matter will be settled up.” Nothing was agreed to, but only something to be done on a future day, and on execution of the papers. There was no new contract to take the place of the old obligation but simply negotiations tending to a settlement, but unexecuted and not accepted in satisfaction of the obligation.
In order to sustain an action on the new promise, there must be a consideration, and it is without consideration unless the old obligation was satisfied and the new one accepted in its place.
The case of Panzerbiter v. Waydell (21 Hun, 161), is in point. Plaintiff had a doubtful claim fora large amount in suit. It was agreed between the parties that defendant should pay plaintiff $150, for a consent of discontinuance and full settlement. Plaintiff tendered such consent of discontinuance, togei her with a release, but defendant refused to pay, and the action was brought on the new promise. Held to be an accord executory, and such an agreement as would be no bar to the original suit, unless the $150 was paid, or the release and discontinuance accepted ; and that as the promise to discontinue w&s not binding on the plaintiff, the new promise was without consideration, *429 and the complaint should have been dismissed. See also, Day v. Roth (18 N. Y. 456).
It is not necessary to examine plaintiff’s requests to charge, which were refused. It is sufficient to say that there was no evidence to show an accord and satisfaction, and consequently there was no error in refusing to charge, as to what was necessary to constitute such a cause of action.
There was no error in the rejection of the receipt, it was entirely immaterial.
The judgment should be affirmed, with costs.
Sedgwick, Ch. J., concurred.