SAMUEL SCHILLITONE, Respondent, *v.* LEWIS PUBLISH-ING COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, July, 1918.)

Accord executory — not a bar to original suit — action cannot be founded on.

Defendant published in its newspaper an article concerning plaintiff which he claimed was libelous, and, in answer to a letter claiming damages, defendant's attorney agreed that defendant would pay to plaintiff a certain sum " if he would not bring an action against the defendant, and upon being presented with a general release duly made and executed by the plaintiff." Upon prosentation of such a release in the amount stated to defendant's attorney he refused to accept it and plaintiff refrained from bringing an action for libel. In an action against defendant to recover the sum which its attorney agreed that it would pay, *held*, reversing a judgment in favor of plaintiff, that there was no novation because plaintiff did not expressly agree to release the original claim and defendant did

not agree to pay any money until the claim was released; in consequence there was no binding mutual promise but merely an offer on defendant's part to pay a fixed amount provided plaintiff would deliver a properly executed release, and until plaintiff received and accepted the money under defendant's offer he could have brought an action on the original claim. There was, therefore, no novation and no consideration for defendant's promise to pay said sum upon being presented with a general release.

APPEAL by the defendant from a judgment entered in the Municipal Court of the city of New York, borough of Manhattan, second district, in favor of the plaintiff.

Benjamin Patterson, for appellant.

Mordecai P. Springer (David L. Schwartz, of counsel), for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for $100 upon an alleged agreement made by the defendant. The defendant herein is the owner of a newspaper which on the 9th day of November, 1917, published an article concerning the plaintiff, which the plaintiff claimed was libelous. Thereafter the plaintiff, through his attorney, sent a letter to the defendant claiming damages alleged to have been suffered by this article. This letter was answered by the attorney for the defendant and thereafter the said attorney agreed that the defendant " would pay to the plaintiff the sum of $100 if he would not bring an action against the defendant, and upon being presented with a general release duly made and executed by the plaintiff." Thereafter the plaintiff executed a general release in the sum of $100 and presented it to the attorney, who refused to accept the release. The plaintiff refrained

from bringing any action for libel and has now brought this action to recover the sum of $100, which defendant's attorney agreed to pay him upon the presentation of the general release.

There was no formal trial of the action, but the question of whether the plaintiff may recover upon an agreement of the attorney to pay the $100 was submitted to the court upon a stipulation as to the facts. The trial justice gave judgment for the plaintiff. The defendant now claims there is no evidence that the attorney had any express power to settle the controversy between the parties and that no such power can be implied from the relationship of attorney and client, and also claims that in any event the arrangement between the parties constituted only an accord executory and inasmuch as it was never fully executed the plaintiff cannot recover upon the agreement.

We need not upon this appeal consider whether the attorney had authority, express or implied, to bind his principal to any promise to pay $100 because if such promise was made by the defendant it was an agreement to pay such sum only if the plaintiff would not bring an action against the defendant and if the plaintiff would present to the defendant a properly executed general release. Until such agreement became fully executed the plaintiff could still have brought an action for libel against the defendant and the defendant could not have pleaded as a defense that execution of this contract.

In the case of *Panzerbeiter* v. *Waydell,* 21 Hun, 161, the plaintiff had a doubtful claim of large amount against the defendants. The claim was in suit; thereupon it was verbally agreed between the parties that the defendants should pay the plaintiff $150 for a consent of discontinuance and for settlement. The plain-

tiff tendered the consent of discontinuance, together
with the release, but the defendants failed to pay him
the agreed price.   The plaintiff thereupon brought an
action for the sum of $150 and obtained judgment
thereon.   Upon an appeal this judgment was reversed,
the court saying: " This is a plain case of an accord
executory; such an agreement would have been no bar
to the original suit, unless executed by the acceptance
of the $150," citing cases.   " The promise to discon-
tinue and release was not binding upon the plaintiff.
Consequently the defendants were without a considera-
tion for their promise.   In the case of mutual and
concurrent promises, there must be reciprocity of
obligation."

The court there distinguished the case of *Billings* v.
*Vanderbeck,* 23 Barb. 546, upon which the plaintiff here
relied, where the court held that an accord unper-
formed, consisting of mutual promises and thus having
a new consideration, is binding upon the parties and
an action will lie for a breach of it.   In that case the
parties settled their dispute by a new agreement con-
taining mutual promises and the claimant accepted the
obligation of the defendant in substitution for his
original claim, and upon such acceptance the settlement
of the original dispute became complete.   In the present
case, however, and in the case of *Panzerbeiter* v. *Way-
dell, supra,* the defendant agreed to pay the money
only if and when the original claim was released and
the plaintiff, if he made any agreement at all, merely
agreed to deliver the release upon the receipt of the
money.   The payment and the giving of the release
were, therefore, intended to be concurrent conditions,
and there was no substitution of the new agreement for
the old claim until the new agreement became fully
executed.

It may be urged that the authority of the case of

*Panzerbeiter* v. *Waydell, supra,* has been shaken by the decision of the Court of Appeals in the case of *Bandman* v. *Finn,* 185 N. Y. 508, where the Court of Appeals in an opinion by Cullen, Ch. J., decided that a disputed claim could be compromised by the making of a new arrangement whereby the defendant promised to pay the claimant the sum of $2,500 on a day fixed and the claimant agreed to execute to the defendant a release of all his claims, and to surrender to him the agreement on which the claims were based. In an action brought upon the original claim the court held that the new agreement constituted a novation and discharged the liabilities of the parties under the original agreement. In that case Judge Haight dissented, relying for authority largely upon the case of *Panzerbeiter* v. *Waydell.* It seems to me that the case must be regarded as authority for the view that, where the parties to a dispute have entered into an agreement of compromise whereby the one party expressly agrees to pay a certain sum in settlement of the claim and the other party expressly agrees to give a release from the original claim, the new contract is substituted for the old claim and there is, therefore, good consideration for the promise to pay. In the present case, however, there cannot possibly be any novation because the plaintiff did not expressly agree to release the original claim and the defendant did not agree to pay any money until such claim was released. In the present case there was, therefore, no binding mutual promises, but merely an offer on the defendant's part to pay a fixed amount, provided the plaintiff would execute and deliver a release, and until the plaintiff received and accepted the money under the defendant's offer he could have brought an action on the original claim, and there was, therefore, no novation and no consideration for the

defendant's promise to pay the sum of $100 upon being presented with a general release.

Judgment should, therefore, be reversed, with thirty dollars costs, and complaint dismissed, with costs.

PENDLETON and FINCH, JJ., concur.

Judgment reversed, with costs.