CHARLES POTTER and Another, Appellants, *v.* KURLANDER BROS. & HARFIELD CLOAK AND SUIT COMPANY, Respondent.

(Supreme Court, Appellate Term, First Department, December, 1920, Term — filed January, 1921.)

Accord and satisfaction — what not — written order for goods — parol evidence of unwritten acceptance.

Upon the trial of an action to recover the unpaid balance of the agreed price of goods to be manufactured, sold and delivered, evidence was given in support of the allegations of the complaint. During the cross-examination of defendant there was received in evidence an agreement to compromise the dispute between the parties which had been pleaded in the answer as a defense and bar. The plaintiffs then rested

their case and a motion by defendant to dismiss the complaint on the sole ground that said agreement established an accord and satisfaction and was therefore a bar to the action, was granted. *Held,* that plaintiff, having made out a *prima facie* case, it was error to dismiss the complaint as manifestly the agreement was merely an accord and not an accord and satisfaction. (P. 120.)

The agent of plaintiffs testified that as the result of conversations defendant's treasurer gave him written orders which stated fully the style of goods, the price and a time within which delivery was to be made and also the terms of payment When the witness was asked whether, at the time he received the order, anything was said by him to defendant's treasurer with reference to the time of delivery, the court excluded the testimony on sustaining the objection of defendant's counsel that oral evidence was being offered to vary a written instrument. *Held,* that in the absence of evidence in writing of plaintiff's acceptance of the order, the exclusion of the testimony was error.

Appeal by plaintiffs from a judgment of the City Court of the city of New York, dismissing the complaint at the close of the plaintiffs' case, after a trial by the court and a jury.

Joseph Gans (C. Arthur Jensen, of counsel), for appellants.

Louis Sachs, for respondent.

Wagner, J. This action was brought by plaintiffs to recover the agreed price of certain merchandise which they claim was delivered to the defendant at its request and not paid for. The defendant in its answer denies the sale and delivery, and as a separate defense alleges that an agreement was made between the parties which provided as follows: the defendant was to recall certain merchandise which it had refused to accept from plaintiffs, and which was at the time of the making of the agreement in the possession of an express company, and was to pay all bills it then

owed plaintiff, they agreeing to allow defendant a reduction of fifty dollars on the moneys due. That after the execution of this agreement " the defendant recalled the two packages specified in the agreement, but that only one package containing ten suits was received by the defendant from the express company." That defendant then communicated this fact to plaintiffs demanding that they deliver the remaining package containing seventeen suits, which the defendant was to have returned to it under the agreement. That the plaintiffs failed to make any further delivery, and that thereafter the defendant tendered a sum it claimed was due for the ten suits delivered, less an overpayment it claimed it had previously made, and that plaintiffs refused to accept the same. Then follows an allegation that the defendant has always been ready, willing and able to carry out the terms of the agreement, " but that the plaintiffs have failed and refused, and still fail and refuse, to carry out any and all parts of said agreement," and demands judgment that the complaint be dismissed.

Upon the trial the plaintiffs presented evidence to prove the allegation of their complaint, namely, that certain goods were ordered in writing of them by defendant, that deliveries were made pursuant to such orders, that there was due to plaintiffs a balance of $315.

During his cross-examination, the defendant's counsel put in evidence as an exhibit in its behalf the agreement to compromise the dispute which the defendant had alleged in its answer as a defense and a bar. The plaintiffs then rested their case, whereupon defendant moved to dismiss the complaint upon the sole ground that the agreement alleged in the answer and in evidence established an accord and satisfaction between the parties, and, therefore, was a bar

to plaintiff's action. The court granted the motion, and plaintiffs now appeal from the judgment entered upon the dismissal of their complaint.

It was error to dismiss the complaint. The plaintiffs had established a *prima facie* case for money due for the merchandise delivered under an agreement between the parties. It is apparent, as disclosed by the agreement attempted to be set up as an accord and satisfaction and from the cross-examination of plaintiffs' witness, that there was a controversy on the question of timely deliveries. The defendant undoubtedly attempted to return some of the merchandise in question, because it claimed deliveries were not made within the time specified in the orders given by it. Whether there were untimely deliveries and whether those untimely deliveries constituted a material breach of the contract of sale, were questions of fact. However, failure to prove full performance by plaintiffs was not the ground of the dismissal of their complaint. The agreement set up in defendant's answer as a defense to plaintiffs' cause of action, is not, as the answer itself makes manifest, an accord and satisfaction, and therefore is not a bar to plaintiffs' cause of action. It is merely an accord. "An accord," says Sir William Blackstone, " is a satisfaction agreed upon between the party injuring and the party injured, which, when performed is a bar to all actions." 3 Black. Comm. 15. "An accord executory without performance accepted is no bar; and tender of performance is insufficient." *Kromer* v. *Heim*, 75 N. Y. 574. In the case at bar the accord was never satisfied, and thus it is no bar to the plaintiffs' cause of action.

During the trial the court erroneously excluded evidence offered by plaintiffs. Plaintiffs' agent testified that as a result of certain previous conversations, the defendant's treasurer gave him written orders for

the merchandise in question. The orders stated fully the style of goods to be manufactured, the price and a time within which deliveries were to be made, and also the terms of payment. There was no written acceptance of the orders by plaintiffs. The witness was asked by plaintiffs' counsel whether anything was said by him to the defendant's officer who had handed him the order, with reference to the time of delivery provided for in the said order. The question was objected to by defendant's counsel as were other questions along the same line, upon the ground that oral evidence was being offered to vary a written instrument, and the court sustained the objection and excluded the testimony. Since there was no written evidence of acceptance by the plaintiffs of the order, oral proof was permissible to show upon what changed terms, if any, the plaintiffs accepted. We allude to this error since there must be a new trial of the action.

GUY and LEHMAN, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.