## DAVIDOFF v. THOMAS A. EDISON, Inc.
### No. 23.

Circuit Court of Appeals, Second Circuit.
Dec. 1, 1930.

Borris M. Komar, of New York City, for appellant.

Clark, Reynolds & Hinds, of New York City (Roger Hinds, of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

We need not deal with all the rather interesting questions raised by the motion to dismiss. They include whether or not the original contract was under seal; what statute of limitations should be applied; what may be treated as excusing nonperformance claimed to be due to the existence of a state of war; and what effect should be given to the negotiations in regard to the settlement of all causes of action growing out of the original contract. Without meaning to intimate that it is the only valid defense, it seems that the agreement in settlement of all controversies is so conclusive of the plaintiff's right to maintain this action that it would be unprofitable to discuss the rest.

The letter written by the plaintiff's attorney to the defendant, dated April 2, 1917, contained a definite proposal for the settlement of all claims either party had against the other. This was in no respect a proposal to vary, supersede, or abrogate any existing contract between these parties. At that time there was none in existence. Admittedly the only contract they ever had was not performed in full by either and had before then

expired by its terms. What was left, at most, were rights of action against each other. We may agree with the plaintiff that the defendant did not unconditionally accept the settlement proposal of April 2d in its reply of April 5th. Nevertheless it did accept it on condition that the plaintiff deliver the release to be delivered to the defendant not later than October 1st, either at New York or West Orange, N. J. Had the matter stopped there, there would have been no agreement, and neither party would have been bound, but these conditions of the defendant were accepted without reservation by the plaintiff's attorney in his letter of April 14th and by the plaintiff himself in his subsequent letter to the defendant. These acceptances, by and in behalf of the plaintiff, of the defendant's proposed changes in the plaintiff's original proposal of settlement, show that the minds of the parties met on common ground in a definite and unconditional agreement to put an end to all claims either had against the other.

■■ The defendant did not merely hold the proposal of the plaintiff in abeyance and reserve the right to determine, if and when its release was delivered to it within the time and at the place it proposed, whether then to accept it and deliver its release to the plaintiff, but agreed to the proposal, provided it was modified so that its terms embraced a satisfactory time and place of delivery of the documents it was to get. When this modification of the proposal was agreed to unconditionally by the plaintiff, the settlement contract came into being, and thereafter neither party had any action against the other growing out of the original contract except what action it might have on the new contract itself. Babcock & Russell v. Hawkins, 23 Vt. 561. This new contract, made in consideration of the mutual promises of the parties, was a compromise of disputed rights, became binding upon them, and was not merely an accord, but an accord and satisfaction for it plainly discloses an intention to extinguish all prior causes of action either party had against the other. Moers v. Moers, 229 N. Y. 294, 128 N. E. 202, 14 A. L. R. 225; Bandman v. Finn, 185 N. Y. 508, 78 N. E. 175, 12 L. R. A. (N. S.) 1134; Very v. Levy, 13 How. 345, 14 L. Ed. 173; Beach v. Whittlesey, 73 Conn. 530, 48 A. 350. Nor did the plaintiff's failure to fulfill the new obligations it assumed under the compromise agreement make it any the less a complete accord and satisfaction. Bandman v. Finn, supra; Flegal v. Hoover, 156 Pa. 276, 27 A. 162; Laughead v. Frick Coke Co., 209 Pa.

368, 58 A. 685, 103 Am. St. Rep. 1014; Allison v. Abendroth, 108 N. Y. 470, 15 N. E. 606; In re Nachman Co., 6 F.(2d) 427 (C. C. A. 2).

Judgment affirmed.