LEONARD LORENTOWICZ, APPELLANT, v. PHILIP J. BOW-ERS, ADMINISTRATOR, ETC., RESPONDENT.

Submitted July 9, 1917—Decided November 19, 1917.

Where an agreement of accord and satisfaction contemplates the performance of a promise made at the time of the accord, there is no satisfaction unless the promise be performed, but when the agreement shows an intent to accept the new promise as itself a satisfaction of the prior obligation, the satisfaction is complete on the making of the promise.

On appeal from the Essex Circuit Court.

For the appellant, *William Greenfield.*

For the respondent, *Saul Cohn.*

The opinion of the court was delivered by

PARKER, J. The fundamental question is whether certain transactions between plaintiff and defendant's testator amounted to a novation canceling prior rights and obligations, or constituted merely an unexecuted agreement of accord and satisfaction. This question was left to the jury, who brought in a verdict based on the first alternative, and the action of the trial court in submitting this question to the jury, together with the admission of a piece of documentary evidence, are the matters argued on this appeal.

The original agreement between the plaintiff and Thomas

F. Bowers, the deceased intestate, consisted in substance of the acquisition by Bowers from plaintiff of certain exclusive selling rights in a patented article. For these rights Bowers agreed to pay $1,000, to be applied as royalty on the first thousand sold. Bowers gave and plaintiff accepted a note for the money, on which $250 was afterwards paid. After his death plaintiff made the usual claim for the balance and brought this suit thereon.

The evidence of defendant tended to show that after paying the $250, and on being pressed for the balance, Bowers complained to plaintiff that the appliance in question was found unsatisfactory and inefficient for its purpose, and asked to be relieved from his contract, proposing that plaintiff deliver no more goods to him—that he, Bowers, would return all that were unsold, and plaintiff to keep the $250 and cancel the contract. This plaintiff refused. Thereupon, according to defendant's evidence, Bowers said he would pay $100 more and return the goods, "and we will call the matter square." Plaintiff said he would let Mr. Bowers hear from him after he had talked the matter over with his counsel. The same witness further testified that, as a conclusion of the interview, which took place on December 14th, plaintiff stated that, subject to his attorney's approval, he would drop the suit for the balance due on the $1,000 note, and would enter into a new agreement with Mr. Bowers to pay him (plaintiff) $100 and return all the unsold articles.

This, of course, left the matter in the air, and by way of showing a final meeting of the minds, defendant offered in evidence a letter from an attorney to Bowers, dated over a month after the conversation, and reading as follows:

."DEAR SIR—Mr. Lorentowicz informs me that you still owe him $100 in the matter of the settlement of the $1,000 note, on which you have made a payment. I have been instructed to institute proceedings to collect the same if it is not paid by January 29th.

"Yours very truly," &c.

It is urged that this letter was incompetent because no authority to write it had been shown. This point does not appear to have been made at the time the letter was offered; but, apart from this, the lawyer himself testified in response to appellant's counsel that he had written the letter pursuant to instructions from plaintiff; so there is no merit in the objection. The letter was, in view of that evidence, plainly competent.

This point disposed of, the value of the letter as evidence of acceptance by plaintiff of Bowers' offer was for the jury, and it should be borne in mind that Bowers was dead and his lips were sealed as to any conversation that might have occurred between him and plaintiff between the interview of December 14th and the writing of this letter. The letter indicates that a settlement took place; that $100 remained unpaid, and that suit would be brought "to collect the same," *i. e.,* the $100. The jury were justified in finding that the proposition of December 14th had been accepted.

The remaining question is whether the new agreement was one of accord and satisfaction unexecuted, or a novation; whether, as the trial judge put it in charging the jury, there was a new agreement made "by which everything before that time was to be settled and adjusted by the plaintiff retaining the goods, and retaining $250 which had been theretofore paid, and by the agreement of Mr. Bowers to pay him $100 more." This distinctly left it to the jury to say whether the old arrangement was superseded by the return of the goods and an agreement to pay $100 more, or whether the actual payment of the $100 with the return of the goods, was a prerequisite to the new arrangement going into effect; which is the precise distinction between what is called a novation and an accord and satisfaction unexecuted. 29 *Cyc.* 1130; *McCoy* v. *Milbury,* 87 *N. J. L.* 697. Some of the older cases do not even draw this distinction, but say that if the agreement is to substitute a new promise in satisfaction of the existing liability and the new promise be made, there is both accord and satisfaction, and the action on the original promise is

barred.  *Kromer* v. *Heim,* 75 *N. Y.* 574, and cases cited.  So, in *Cooke* v. *McAdoo,* 85 *N. J. L.* 692, involving an agreement to substitute one new note in satisfaction for several old ones; if the new note had been delivered and accepted the suit on the old notes would have been barred; but the ground of the decision was that no new note was ever delivered.

In the case at bar it was for the jury to say whether the agreement was to accept the new promise with return of the goods unsold as a satisfaction for the note, and they so declared by their verdict.  We find no error and the judgment is affirmed

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ.   13.

*For reversal*—None.