LOUIS J. MELZER, Appellant, *v.* MICHAEL KARANAS, Respondent.

Fourth Department, April 1, 1927.

**Vendor and purchaser — specific performance — agreement by parties to cancel contract — subsequent rescission by purchaser of said agreement — defense of accord and satisfaction not established — judgment refusing specific performance and granting money judgment reversed and new trial granted.**

The parties to a contract for the sale of land, on the same day entered into an agreement canceling and rendering said contract null and void, and concurrently the vendor delivered to the purchaser his check for $300 dated the following day, and it was agreed that the cancellation was to depend upon the purchaser's being able to cash the check the next day. During the same day the purchaser decided to rescind the agreement of cancellation, and on the following day, after ascertaining that there were no funds in the bank to pay the check, did so rescind by serving written notice.

In an action by the purchaser for the specific performance of the sale contract, in which the defendant alleged that the $300 check was received "in full satisfaction and discharge," a judgment refusing to grant specific performance but

awarding plaintiff a money judgment for $300 and interest, on the theory that there was an accord and satisfaction, must be reversed and a new trial granted, since no accord and satisfaction was proven.

APPEAL by the plaintiff, Louis J. Melzer, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 12th day of January, 1926, upon the decision of the court rendered after a trial at the Erie Special Term.

Samuel I. Schanzer [John E. Barry of counsel], for the appellant.

George E. Phillies [Elmer R. Weil of counsel], for the respondent.

TAYLOR, J. By an instrument in writing dated April 21, 1925, defendant agreed to sell to plaintiff certain real estate in the city of Buffalo. Plaintiff made a down payment of $200. Afterward, following negotiations between plaintiff and defendant, there was indorsed upon the copy of the sale contract held by each party the words " May 21, 1925. This contract is hereby cancelled and rendered null and void." Concurrently defendant delivered to plaintiff his check for $300 dated the following day, and it was agreed that each party should retain his copy of the contract until it was determined whether or not this check was good. Later, during May twenty-first, plaintiff decided to rescind this agreement of cancellation because defendant had misrepresented his inability to perform the sale contract on his part with respect to discharging certain mortgages on his real property. On the following morning, plaintiff did thus rescind by serving on defendant a written notice stating his reasons as above set forth. It may be said in passing that these alleged misrepresentations were not proved on the trial. On the same morning (May twenty-second) plaintiff ascertained that there were not funds in the bank to pay the $300 check; but he never presented the check for payment and served the notice of rescission before he was able to cash the check.

A promise, if accepted in satisfaction, will be effectual as such. But accord must be fully executed in some manner to sustain a plea of accord and satisfaction. (Kromer v. Heim, 75 N. Y. 574; Reilly v. Barrett, 220 id. 170.)

In the instant case defendant in his answer pleads that the $300 check (the promise to pay) was received " in full satisfaction and discharge." This was controverted in the reply, and the proof fully sustains plaintiff's claim that the cancellation of the sale contract was to depend upon plaintiff's being able to cash the check on May twenty-second. Therefore, plaintiff had the right to rescind at the time he did so. (Kromer v. Heim, supra.)

Plaintiff sued to enforce specific performance of the sale contract. The trial court in the exercise of its discretion, refused to grant this relief, but awarded plaintiff a money judgment for $300 and interest, on the theory that there was an accord and satisfaction. This appeal resulted.

Since no accord and satisfaction was proved, the judgment should be reversed; and in the interest of justice a new trial should be granted, with costs to appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.